**MDL 1 8 3 2**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 15, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PILGRIM'S PRIDE FAIR LABOR STANDARDS
ACT LITIGATION
    Elaine L. Chao v. Pilgrim's Pride Corp., N.D. Texas,    )
        C.A. No. 3:07-1352                                 )        MDL No. 1832

PLEADING NO. 37

### TRANSFER ORDER

    **Before the entire Panel**: The Secretary of the U.S. Department of Labor and Pilgrim's Pride Corp. (Pilgrim's Pride), the plaintiff and defendant in this Northern District of Texas action, respectively, each brought a motion pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). These parties ask the Panel to vacate its order conditionally transferring the action to the Western District of Arkansas for inclusion in MDL No. 1832. Plaintiffs in the actions pending in MDL No. 1832 oppose the motions to vacate.

    After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Western District of Arkansas, and that transfer of this action to the Western District of Arkansas for inclusion in MDL No. 1832 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Western District of Arkansas was a proper Section 1407 forum for actions sharing questions of fact arising from allegations that certain employees of Pilgrim's Pride are entitled to compensation under the Fair Labor Standards Act (FLSA) for all time worked including, among other things, time spent donning, doffing and sanitizing gear. *See In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 489 F.Supp.2d 1381 (J.P.M.L. 2007).

    The parties to this action argue against transfer, *inter alia*, that the action, which seeks an injunction under Section 217 of the FLSA, does not share sufficient questions of fact with the claims pending in MDL No. 1832, which are brought by current and former employees under Section 216 of the FLSA, to warrant transfer. We are unpersuaded by this argument. Regardless of any differences in legal theory, the plaintiff in the action before the Panel still alleges that Pilgrim's Pride did not compensate workers for all hours worked in violation of the FLSA and seeks relief on a company-wide basis. Inclusion of the present claims in MDL No. 1832 will have the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: (1) prevents repetition of previously considered matters; and (2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g.,*

OFFICIAL FILE COPY  IMAGED FEB 1 5 2008

- 2 -

*In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). The familiarity of the transferee judge with this docket and the underlying allegations will further the expeditious resolution of the litigation taken as a whole, and whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

  IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Western District of Arkansas and, with the consent of that court, assigned to the Honorable Harry F. Barnes for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

        PANEL ON MULTIDISTRICT LITIGATION

        *[signature]*
        John G. Heyburn II
         Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |